■ NATIONAL BANK OF NORTH AMERICA, Appellant, v REVA COHEN, Respondent, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered December 30, 1981 in Columbia County, which granted defendant Cohen's motion and (1) canceled the scheduled foreclosure sale, (2) vacated the judgment of foreclosure and sale, and (3) dismissed plaintiff's mortgage foreclosure action subject to the payment by defendant Cohen to plaintiff of arrears owed on said mortgage, together with plaintiff's costs and disbursements in the action. Reva Cohen gave a mortgage to plaintiff bank as security for a loan of $43,000, with an 8.5% annual interest rate, to finance the purchase of a home. Defendant agreed to pay plaintiff $346.25 monthly on the mortgage. She defaulted in December, 1978. In July, 1979, plaintiff declared defendant in default, declared the entire amount due and commenced a foreclosure action. A judgment of foreclosure and sale was entered on June 4, 1981. The sale was scheduled for August 14, 1981. Defendant contacted plaintiff the day before the foreclosure sale and sought an adjournment of the sale. Plaintiff agreed to adjourn the sale to October 14, 1981 conditioned on defendant's payment of $13,000 which was paid and applied against the outstanding balance on the mortgage. Defendant was to seek alternative financing in the interim. Defendant was unsuccessful in securing alternative financing and requested that plaintiff refinance her house at the 8.5% interest rate in the original mortgage agreement. This was declined. Defendant then attempted to pay plaintiff $5,188.20, the arrears and

expenses incurred in the foreclosure action, in exchange for a stipulation discontinuing the foreclosure action. Plaintiff declined to accept the money. Defendant obtained an order to show cause on October 13, 1981 staying the foreclosure action and moved to dismiss it upon payment of $5,188.20 to plaintiff. Special Term, relying on *Kingston Trust Co. v Wyant* (Supreme Ct, Ulster County, April 16, 1973, Hughes, J.), granted defendant's motion holding that defendant had relied to her detriment upon statements made by plaintiff's employees that a tender of $5,188.20 would cure her default and that plaintiff was, therefore, estopped from refusing to accept defendant's tender of the money and reinstating her past due loan. It is plaintiff's contention that defendant is required to pay the entire balance due on the mortgage, together with the costs of the foreclosure action, in order to avoid the foreclosure sale, and that she was not misled by plaintiff to her detriment in any way. We find Special Term's reliance on *Kingston Trust Co.* (*supra*) to be misplaced. RPAPL 1341 provides, in relevant part: "Where an action is brought to foreclose a mortgage upon real property upon which any part of the principal or interest is due, and another portion of either is to become due, and *the defendant pays into the court the amount due for principal and interest and the costs of the action,* together with the expenses of the proceedings to sell, if any, the court shall: * * * 2. Stay all proceedings upon judgment, if the payment is made after judgment directing sale and before sale" (emphasis added). Defendant seeks to redeem her mortgage following a judgment of foreclosure and sale. As plaintiff chose to accelerate the mortgage, defendant may no longer redeem the mortgage by tendering the installments defaulted on plus interest (see *Albertina Realty Co. v Rosbro Realty Corp.,* 258 NY 472; *Dime Sav. Bank of N. Y. v Dooley,* 84 AD2d 804; *Belsid Holding Corp. v Dahm,* 12 AD2d 499). We find here no facts to support Special Term's finding that plaintiff is estopped from exercising its rights to foreclose on the mortgage. Defendant failed to make payments on her mortgage from December, 1978 to August, 1981, a period of 32 months, she never appeared or answered the summons and complaint in the foreclosure action and gave no explanation of why payments were not made by her. Plaintiff, on the other hand, consistently demanded full payment of the mortgage. Defendant has not alleged or submitted any facts on which a finding of bad faith or fraud could be premised legally sufficient to estop plaintiff from proceeding with the foreclosure sale. The adjournment of the foreclosure sale by plaintiff to permit defendant to arrange for new financing, plaintiff's conditioned offer to negotiate a new mortgage, and its employee's statement as to the amount of arrearages due, do not constitute grounds for estoppel. Order reversed, on the law and the facts, with costs, and motion by defendant Cohen denied. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.