■ SIMON M. PESSIN, Respondent, v GERALD BAUMANN et al., Defendants, and DOROTHY SANDERS, Appellant.—Order, Supreme Court, Bronx County (Irma Vidal Santaella, J.), entered July 16, 1985, which, *inter alia,* denied defendant Sanders'

motion pursuant to RPAPL 1341 to dismiss the complaint, unanimously reversed, on the law, to the extent appealed from, the motion to dismiss granted, and the complaint dismissed with costs and disbursements.

Plaintiff instituted this foreclosure action against defendants Maria and Gerald Baumann, who had executed the purchase-money mortgage which is the subject of the foreclosure. The Baumanns, subsequent to the commencement of the action, conveyed the subject premises to defendant-intervenor, Dorothy Sanders. The order granting Sanders leave to intervene also stayed foreclosure and sale of the property. Sanders, who had previously deposited with the court the balance due under the mortgage, and served a notice of tender on plaintiff's counsel, moved to dismiss the action. Special Term denied the motion, finding questions of fact regarding the propriety of the transfer from the Baumanns to Sanders, inasmuch as a provision in the mortgage required the mortgagee to be notified in the event of a sale. This was clear error and we reverse.

Regardless of whether plaintiff should have been notified prior to the sale to Sanders, or whether the mortgage should have been satisfied at the time of such conveyance, Sanders' tender of payment in full compelled dismissal of the action. RPAPL 1341 (1) states that in a foreclosure action, where a defendant pays into court the amount due for principal, interest and the costs of the action, together with the expenses of the proceedings to sell, the court shall "[d]ismiss the complaint without costs against plaintiff, if the payment is made before judgment directing sale". Inasmuch as all conditions precedent were met by Sanders' payment into court of an amount sufficient to cover all sums required, the action should have been dismissed. Contrary to plaintiff's contention, the statute is mandatory. Concur—Sullivan, J. P., Ross, Kassal, Wallach and Smith, JJ.