■ FINANCE INVESTMENT COMPANY (BERMUDA) LIMITED, Appellant, v ROBERT M. GOSSWEILER et al., Respondents.—In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated April 4, 1988, which granted the defendants' motion to stay a foreclosure sale following a deposit into the court of the amount owing under the mortgage.

Ordered that the order is affirmed, with costs.

On July 15, 1987, the defendant Robert Gossweiler tendered to the plaintiff's counsel the sum of $232,567.87 which represented the stipulated amount owing under the mortgage in question. Counsel for the plaintiff held these funds until August 12, 1987, when he apprised the defendants' attorney that he had been instructed by his client to refuse this tender since there was a dispute as to responsibility for Federal withholding tax. The defendants' attorney refused to accept a return of these funds and informed counsel for the plaintiff that if it would not accept satisfaction of the mortgage, the defendants would deposit this sum with the court. The plaintiff subsequently learned that the defendants had sold the subject premises at a private sale which was consummated on July 14, 1987. Ultimately the $232,567.87 was deposited with the court and the defendants moved for a stay of all proceedings upon the judgment of foreclosure and for dismissal of the complaint.

The plaintiff argues on appeal that the defendants lost their right of redemption when they sold the property prior to any purported redemption and therefore no stay was available to them. We disagree. The owner of the equity of redemption has a right to redeem the property at any time prior to the actual sale under a judgment of foreclosure (see, First Fed. Sav. & Loan Assn. v Smith, 83 AD2d 601; Belsid Holding Corp. v Dahm, 12 AD2d 499).

RPAPL 1341 provides for a stay of all proceedings upon judgment if payment is made into the court after judgment directing the sale and before sale. The "sale" referred to in

RPAPL 1341 is one conducted pursuant to a judgment in an action to foreclose *(see,* RPAPL 1351, 1352). Since the defendants herein exercised their right to redemption prior to the foreclosure sale, and deposited the funds needed to satisfy the mortgage with the court, the grant of a stay of further foreclosure proceedings was proper. Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.