■ GARY GABRIEL et al., as Executors of ROOSEVELT GABRIEL, Deceased, Appellants, v 351 ST. NICHOLAS EQUITIES, INC., et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered July 13, 1989, which denied plaintiffs' motion for entry of a judgment of foreclosure and sale, unanimously reversed, on the law, the motion granted to the extent of awarding a judgment of foreclosure and sale in the amount of $122,530.12, and the matter remanded for hearing to determine attorneys' fees and costs, with costs.

This appeal concerns a foreclosure action instituted to foreclose upon the mortgage held by plaintiffs on the subject property located at 351 St. Nicholas Avenue, in New York County. A default judgment of foreclosure on the subject property was vacated by order entered July 7, 1988; this vacatur was premised on the express condition that defendants pay arrears of $6,750 to plaintiffs, that amount representing enumerated mortgage arrears. No payment was made in a timely fashion.

Plaintiffs subsequently filed the instant order to show cause seeking, *inter alia,* the entry of a second judgment of foreclosure and sale because defendants failed to tender the sum due under Supreme Court's vacatur order. Two days before the second adjourned return date upon this motion, defendants' attorney purported to tender payments totaling $11,000, which were allegedly the accrued mortgage arrearages through May 31, 1989. Plaintiffs rejected this tender as insufficient, claiming that defendants must pay the entire balance due on the mortgage, as well as the costs of the foreclosure and sale. Supreme Court denied plaintiffs' motion, finding that defendants met the conditions expressed in the vacatur order, and, *sub silentio,* finding that plaintiffs were not entitled to reject the purported tender.

We disagree. Under the express acceleration provisions of the mortgage, plaintiffs were within their rights to demand the entire unpaid principal due under the mortgage and initiate a foreclosure action. Moreover, under RPAPL 1341, once plaintiffs chose to accelerate the mortgage, defendant could no longer redeem the mortgage by merely tendering the installments defaulted upon plus interest. *(National Bank v Cohen,* 89 AD2d 725, 726 [3d Dept 1982].)

Furthermore, the record is devoid of any facts lending support to the proposition that plaintiffs are estopped from exercising their right to foreclosure on the mortgage; indeed the opposite appears to be true given the rather untoward tactic of tendering payment at the eleventh hour, after a subsequent motion had been made, rather than promptly after the vacatur order was entered. *(National Bank v Cohen, supra; cf., Pessin v Baumann,* 130 AD2d 354 [1st Dept 1987].) Finally, as this court has previously held in the *Pessin* case, the governing statute, RPAPL 1341, is mandatory in nature, and does not allow for a discretionary interpretation or application. *(Pessin v Baumann,* 130 AD2d, *supra,* at 355.) Therefore, once plaintiffs had unequivocally exercised their right to accelerate the unpaid principal balance due under the mortgage and initiated a foreclosure action, the only way in which the trial court could have allowed 351 St. Nicholas Equities to avoid the entry of a judgment of foreclosure and sale, or the ultimate sale of the property, would have been for defendants to have complied with RPAPL 1341. Since that is not the factual scenario in the case at bar, we reverse, and grant plaintiffs' motion. Concur—Kupferman, J. P., Ross, Carro, Asch and Ellerin, JJ.