ANGELO MARINO et al., Appellants, v DEAN BROWN et al., Respondents. [638 NYS2d 751]

Generally, "[a]n application for leave to renew must be based upon additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew, and, therefore, not made known to the court" (*Foley v Roche,* 68 AD2d 558, 568). While "a court, in its discretion, may grant renewal upon facts known to the moving party at the time of the original motion" (*Karlin v Bridges,* 172 AD2d 644, 645; *see, Oremland v Miller Minutemen Constr. Corp.,* 133 AD2d 816, 818; *Patterson v Town of Hempstead,* 104 AD2d 975, 976), renewal should not be available "where a party has proceeded on one legal theory on the assumption that what has been submitted is sufficient, and thereafter sought to move again on a different legal argument merely because he was unsuccessful upon the original application" (*Foley v Roche, supra,* at 568). Since this is precisely what the plaintiffs were attempting to do in this case, we conclude that, under the circumstances, the court did not improvidently exercise its discretion in denying the plaintiffs' motion. Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.