■ GREEN POINT SAVINGS BANK et al., Respondents, and TELEFRANCE, INC., Intervenor-Respondent, v MONA H. OPPENHEIM, Appellant, et al., Defendants. [655 NYS2d 560] —In a mortgage foreclosure action, the defendant Mona Hirsch Oppenheim appeals from (1) an order of the Supreme Court, Nassau County (Kohn, J.), dated December 12, 1995, which denied her motion to direct the plaintiff Green Point Savings Bank to accept moneys deposited with the County Clerk, Nassau County, in satisfaction of the judgment of foreclosure, and (2) an order of the same court, entered June 4, 1996, which denied her motion to vacate the Referee's deed and the judgment of foreclosure, and to direct Green Point Savings Bank or its assignee to accept payment of the sums owed under the judgment of foreclosure, and granted the motion of the intervenor, Telefrance, Inc., for a writ of assistance.

Ordered that the orders are affirmed, with one bill of costs.

This appeal arises out of an action commenced by the plaintiff Green Point Savings Bank (hereinafter Green Point) to foreclose on certain real property owned by the defendant Mona Hirsch Oppenheim, located at 34 Grenwolde Drive, Kings Point. A judgment of foreclosure and sale was granted in favor of Green Point. On March 20, 1995, the day before the scheduled foreclosure sale, Oppenheim deposited with the County Clerk, Nassau County, the sum of $112,074.86. The next day the sale was conducted and the property sold. On or about July 14, 1995, Oppenheim moved, *inter alia*, for an order directing Green Point to accept the amount of money deposited with the clerk as payment in full of the mortgage debt. While this motion was pending, the successful bidder requested the Referee to return his deposit. However, at no time was the sale formally cancelled or did the court direct another auction. Settlement negotiations then commenced between Green Point and Oppenheim for the satisfaction of her financial obligations. By order dated December 12, 1995, Justice Kohn denied Oppenheim's motion.

The successful bidder subsequently assigned his bid to the

intervenor-respondent Telefrance, Inc. (hereinafter Telefrance). On January 16, 1996, the Referee issued a Referee's deed to Telefrance. On January 25, 1996, Oppenheim moved to restrain Telefrance from obtaining possession of the premises, to vacate and set aside the Referee's deed to Telefrance, and to direct Green Point or its successor or assignee to accept payment of the sums owed under the judgment of foreclosure. Telefrance, in turn, moved for a writ of assistance. By order dated May 31, 1996, Justice Kohn denied Oppenheim's motion in its entirety and granted Telefrance a writ of assistance.

On appeal, Oppenheim contends that she properly exercised her right to redeem the property when she deposited a sum of money with the County Clerk prior to the foreclosure sale. Therefore, the Referee's subsequent conveyance of the property to the successful bidder was null and void. We disagree.

RPAPL 1341 states:

"Where an action is brought to foreclose a mortgage upon real property upon which any part of the principal or interest is due, and another portion of either is to become due, and the defendant pays into court the amount due for the principal and interest and the costs of the action, together with the expenses of the proceedings to sell, if any, the court shall: * * *

"2. Stay all proceedings upon judgment, if the payment is made after judgment directing sale and before sale; but, upon a subsequent default in the payment of principal or interest, the court may make an order directing the enforcement of the judgment for the purpose of collecting the sum then due."

This statute provides for "a stay of all proceedings upon judgment if payment is made into the court after judgment directing the sale and before the sale" (*Finance Inv. Co. [Bermuda] v Gossweiler*, 145 AD2d 463). RPAPL 1341 is mandatory in nature, and does not allow for a discretionary interpretation or application (*see, Gabriel v 351 St. Nicholas Equities*, 168 AD2d 338, 339; *Pessin v Baumann*, 130 AD2d 354, 355). Here, once the judgment of foreclosure and sale was entered, the only way to stay the sale of the property was for Oppenheim to comply with RPAPL 1341 (2). The stay of proceedings pursuant to RPAPL 1341 (2) is not self-executing. Inasmuch as Oppenheim tendered payment at the eleventh hour, and failed to move to stay the sale, the sale properly went ahead as scheduled and was not rendered null and void (*cf., Finance Inv. Co. [Bermuda] v Gossweiler, supra*).

We have reviewed the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Pizzuto and Santucci, JJ., concur.