■ EMC MORTGAGE CORPORATION, Appellant, v JOSEPHINE BOBB, Respondent, et al., Defendants. [745 NYS2d 204] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (G. Garson, J.), dated

November 27, 2000, which granted the motion of the defendant Josephine Bobb pursuant to RPAPL 1341 to direct the plaintiff to accept in satisfaction of its mortgage the principal sum of $150,539.98, together with $300 for costs and $1,170.50 for additional costs.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

In this action to foreclose a mortgage on real property, the Supreme Court signed a judgment of foreclosure and sale on March 22, 1999. Pursuant to RPAPL 1341, the defendant Josephine Bobb, as mortgagor (hereinafter the mortgagor), was afforded the right to redeem the real property until the sale directed pursuant to the judgment of foreclosure. This required the mortgagor to deposit into court "the amount due for principal and interest and the costs of the action, together with the expenses of the proceedings to sell, if any" and to move to stay the sale (RPAPL 1341; *see Green Point Sav. Bank v Oppenheim,* 237 AD2d 409, 410).

The foreclosure sale was scheduled for June 1999. Immediately before the sale, the mortgagor filed a bankruptcy petition on June 14, 1999, which stayed the foreclosure sale. The bankruptcy petition was dismissed on September 21, 1999, based upon the mortgagor's failure to pursue her case in the Bankruptcy Court. A second foreclosure sale was scheduled for November 29, 1999. On the day of the scheduled sale, the mortgagor again filed for bankruptcy, thereby staying the sale. The mortgagor voluntarily withdrew the bankruptcy petition in January 2000. A third foreclosure sale was scheduled for March 29, 2000. The day before the sale, on March 28, 2000, the mortgagor filed her third bankruptcy petition. The petition was dismissed by the Bankruptcy Court on June 19, 2000, with prejudice to the mortgagor's rights to refile any petition in any court in the United States for a period of one year.

The foreclosure sale was scheduled for the fourth time to be held on August 29, 2000. Although the mortgagor made no payment into court as required by RPAPL 1341, she moved in the Supreme Court the day before to stay the foreclosure sale. The Supreme Court merely stayed the referee from transferring a deed to the successful bidder. The foreclosure sale took place on September 7, 2000, and the plaintiff was the successful bidder.

Meanwhile, the mortgagor was trying to sell the property that was encumbered by the plaintiff's mortgage. The plaintiff stipulated with her to consummate such a sale before October 27, 2000. Otherwise, the foreclosure would continue. The par-

ties treated this stipulation as extending the mortgagor's right to redeem until October 27, 2000.

On October 26, 2000, the mortgagor obtained an order to show cause returnable November 1, 2000, seeking to direct the plaintiff to accept a "proper amount" to pay off the mortgage and to dismiss the complaint in this action. Pending the hearing of the motion, all proceedings were stayed, including the date of expiration of the time to redeem contained within the parties' stipulation. The Supreme Court deleted from the order to show cause the language that would have carried the stay through the determination of the motion. The motion resulting in the order appealed from was not decided until November 27, 2000.

Ordinarily, a stay of proceedings in foreclosure to preserve the mortgagor's right to redeem must occur before the foreclosure sale (see RPAPL 1341 [2]; cf. Finance Inv. Co. [Bermuda] v Gossweiler, 145 AD2d 463). Here, the stipulation varied this condition, and the plaintiff bestowed on the mortgagor an indulgence until October 27, 2000, within which to redeem. There having been by that date no deposit into court or even an attempt to pay the balance that the plaintiff was claiming, albeit disputed, the mortgagor's right to redeem expired.

The Supreme Court had no discretion to extend this date (see Green Point Sav. Bank v Oppenheim, supra at 410). Indeed, this date was contained in a stipulation entered in court. It was a binding contract (see Charter Realty & Dev. Corp. v New Roc Assoc., 293 AD2d 438; Cappello v Cappello, 286 AD2d 360; Iacobacci v McAleavey, 222 AD2d 406; Bellefleur v Gervais, 201 AD2d 524; Lazich v Vittoria & Parker, 196 AD2d 526, 527; New York Bank for Sav. v Cortlandt St., 106 AD2d 496, 498). "A court cannot rewrite the agreement if the parties have not assented to such a reformation" (Cappello v Cappello, supra at 361). Accordingly, the order appealed from erroneously changed the date for redemption on which the parties had agreed.

In addition, there exists a fatal lapse between the expiration of the interim stay contained in the order to show cause and the determination of the motion. By the date of the issuance of the order appealed from, any extension of the mortgagor's right to redeem was irretrievably lost. Since the mortgagor's right to redeem was no longer viable, the Supreme Court was without the authority to grant the mortgagor's motion to compel acceptance of the satisfaction of the mortgage.

In light of our determination, the plaintiff's further point concerning its additional fees, costs, and expenses that the order appealed from excused the mortgagor from paying, has

been rendered academic. Florio, J.P., Feuerstein, Krausman and Crane, JJ., concur.