■ NYCTL 1996-1 TRUST, Plaintiff, v LFJ REALTY CORP., Respondent, et al., Defendants. RADA CORP., Nonparty Appellant. [763 NYS2d 836] —In an action to foreclose a tax lien against real

property, nonparty, RADA Corp., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated April 22, 2002, as granted the motion by the defendant LFJ Realty Corp. to vacate the judgment of foreclosure and sale and dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied in its entirety, and the complaint and judgment of foreclosure and sale are reinstated.

After the defendant LFJ Realty Corp. (hereinafter LFJ) defaulted on a payment plan for a tax lien on property it owned at 835 Remsen Avenue in Brooklyn, the plaintiff NYCTL 1996-1 Trust (hereinafter NYCTL), commenced an action to foreclose the tax lien. This resulted in a judgment providing for the foreclosure and sale of the tax lien. Pursuant to the judgment, an auction sale of the property was scheduled for Monday, January 31, 2000. On Friday, January 28, 2000, LFJ delivered to NYCTL's lockbox at the Bank of New York a check for the arrearage on the tax lien, but due to an alleged "bookkeeping procedure," neither the referee nor the parties were notified of this payment until after the sale. On January 31, 2000, the property was sold to the highest bidder, Martin Daskal, who subsequently assigned the bid to the nonparty appellant, RADA Corp. (hereinafter RADA). NYCTL moved to vacate the sale, and the motion was denied in an order dated July 7, 2000. NYCTL moved for reargument, and in an order dated December 1, 2000, the Supreme Court, upon granting reargument, adhered to its prior determination. By order to show cause dated February 15, 2001, LFJ moved to vacate the judgment and sale and dismiss the complaint. The Supreme Court granted the motion, vacated the judgment and sale, and dismissed the complaint, noting that "the sale of the property took place by mistake." We reverse.

"It is well settled that the owner of the equity of redemption has a right to redeem at any time before an actual sale under a judgment of foreclosure" (*United Capital Corp. v 183 Lorraine St. Assoc.*, 251 AD2d 400 [1998]; *see Belsid Holding Corp. v Dahm*, 12 AD2d 499, 500 [1960]). However, since LFJ failed to make a payment into court and to make a motion to stay the sale of the property as required by RPAPL 1341 (2), LFJ's right to redemption expired (*see EMC Mtge. Corp. v Bobb*, 296 AD2d 476, 478 [2002]; *Green Point Sav. Bank v Oppenheim*, 237 AD2d 409, 410 [1997]).

Contrary to the Supreme Court's determination, the "mistake" present in this case was not sufficient to warrant the

vacatur of the sale. In the absence of fraud, collusion, mistake, or misconduct (*see Bankers Fed. Sav. & Loan Assn. v House,* 182 AD2d 602, 603 [1992]), a court is without discretion to set aside a sale of foreclosure unless the requirements of RPAPL 1341 are met. The error of LFJ in failing to follow the redemption procedures set forth in RPAPL 1341 (2) precluded invalidation of the sale (*see Green Point Sav. Bank v Oppenheim, supra; Crossland Mtge. Corp. v Frankel,* 192 AD2d 571, 572 [1993]; *Long Is. Sav. Bank of Centereach v Jean Valiquette, M.D., P.C.,* 183 AD2d 877 [1992]).

In light of our determination, we need not reach the remaining contentions of RADA. Prudenti, P.J., Ritter, Feuerstein and Crane, JJ., concur.