VINCENT SODANO, Appellant, v FAITHWAY DELIVERANCE CENTER, INC., Respondent, et al., Defendants. [795 NYS2d 313]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated April 21, 2004, which granted the motion of the defendant Faithway Deliverance Center, Inc., to be "[p]ermitt[ed]" to redeem the subject property.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

A judgment of foreclosure and sale was entered in this action on November 26, 2002. Pursuant to the judgment of foreclosure and sale, and to a notice of sale, the foreclosure sale was scheduled for October 2, 2003. On October 1, 2003, the defendant Faithway Deliverance Center, Inc. (hereinafter Faithway), moved by order to show cause to stay the foreclosure sale. The motion was returnable on October 22, 2003; a temporary restraining order (hereinafter TRO), restraining the foreclosure sale was stricken. Instead, the Supreme Court approved a TRO, inter alia, restraining the Referee's transfer of the deed, pending the hearing of the underlying motion. Faithway deposited no money into court before the foreclosure sale, which took place as scheduled. The appellant was the successful bidder. The Supreme Court ultimately denied Faithway's motion to stay the foreclosure sale and vacated the TRO in an order dated March 31, 2004.

On April 2, 2004, Faithway moved by order to show cause to be "[p]ermitt[ed]" to redeem the subject property. The Supreme Court approved a TRO restraining the Referee and the plaintiff from transferring the deed pending the hearing of the motion. In a supporting affirmation, Faithway's counsel characterized the motion as one seeking "reconsideration" of the court's March 31, 2004, order. However, Faithway based its current motion on facts that arose after March 31, 2004; that is, it claimed to have acquired funds sufficient to redeem the property after the March 31, 2004, order issued. The plaintiff opposed the motion.

Characterizing Faithway's second motion as one to "renew," the Supreme Court granted it. The Supreme Court thereupon granted what it further characterized as Faithway's motion to extend its time to redeem, on stated terms. We reverse.

First, the Supreme Court improperly characterized Faithway's second motion as one for leave to renew. By its first motion, Faithway sought to stay the foreclosure sale, and that motion

was denied. The second motion was made approximately six months after the sale, and the order Faithway sought at that time was one permitting it to redeem. Thus, Faithway sought completely different relief on its second motion, and it was error to characterize it as one for leave to renew its prior motion (*see* CPLR 2221 [e] [2]).

In any event, regardless of the motion's characterization, the Supreme Court erred in permitting Faithway to redeem the property after the foreclosure sale took place. We agree with the appellant that, having failed to deposit the necessary funds into court before the foreclosure sale, Faithway forfeited its right to redeem the property (*see* RPAPL 1341 [2]; *NYCTL 1996-1 Trust v LFJ Realty Corp.*, 307 AD2d 957 [2003]; *Green Point Sav. Bank v Oppenheim*, 237 AD2d 409 [1997]). H. Miller, J.P., Krausman, Crane and Fisher, JJ., concur.