■ NYCTL 1996-1 TRUST et al., Respondents, v ALPHONSO JELLERETTE et al., Defendants, and GHAZI BOKHARI, Appellant. [852 NYS2d 383]—

In an action to foreclose a tax lien, the defendant Ghazi Bokhari appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Rios, J.), entered June 15, 2006, as, inter alia, denied those branches of his motion which were to vacate a judgment of foreclosure and sale of the same court entered June 8, 2005, upon his default in answering or appearing, and to vacate the sale and permit him to redeem the property or to bid on it at a new sale.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying those branches of the motion of the defendant Ghazi Bokhari (hereinafter the appellant) which were to vacate his default in answering or appearing, and to set aside the resultant foreclosure sale. The appellant had neither a justifiable excuse for his default nor a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *NYCTL 1998-2 Trust v Avila*, 29 AD3d 965 [2006]).

The court properly denied that branch of the appellant's motion which was to vacate the sale in order to permit him to redeem the property or to bid at a new sale. The appellant had a right to redeem the property at any time before the sale pursuant to the judgment of foreclosure (*see NYCTL 1996-1 Trust v LFJ Realty Corp.*, 307 AD2d 957, 958 [2003]; *United Capital Corp. v 183 Lorraine St. Assoc.*, 251 AD2d 400 [1998]; RPAPL 1341). The appellant failed to make a payment into the court or move to stay the sale of the property; therefore, his right to redemption expired after the completion of the sale (*see NYCTL 1996-1 Trust v LFJ Realty Corp.*, 307 AD2d 957 [2003]; *EMC Mtge. Corp. v Bobb*, 296 AD2d 476, 478 [2002]).

The appellant's remaining contentions are without merit. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.