■ Jose Martinez, Respondent, v Estate of John P. Carney et al., Defendants, and Shariffa Whaleen Carney, Respondent. Michael Katz, Intervenor Defendant-Appellant. (And Other Actions/Third-Party Actions.) [13 NYS3d 20]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered June 20, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to renew, and, upon renewal, declared null and void intervenor defendant-appellant Michael Katz's mortgages on the subject property, declared null and void the conveyance of the property to Katz by quitclaim deed, dismissed Katz's action to foreclose on the mortgages, and granted plaintiff's motion for attorneys' fees and costs as against Katz, unanimously modified, on the law, to limit plaintiff's attorneys' fees and costs to the extent indicated in this decision, and otherwise affirmed, without costs. Order, same court (Barry Salman, J.), entered May 22, 2014, which, to the extent appealed from as limited by the briefs, set the amount of plaintiff's legal fees and costs as against Katz, unanimously reversed, on the law, without costs, and the matter remitted to Supreme Court for further proceedings consistent herewith.

Betty Carney died and left her son Arrisini Carney a life income interest in property located at 2788 Kingsbridge Terrace in the Bronx. Upon Arrisini's death, the property was to transfer to Arrisini's daughters, Shariffa and Vanessa Carney. In March 2005, Arrisini, Vanessa, and someone purporting to be Shariffa agreed to sell the property to plaintiff Jose Martinez. The closing was adjourned because "Shariffa" could not produce valid photo identification. Thereafter, Martinez filed a lis pendens and commenced this action in November 2005, seeking specific performance of the contract. In May 2008, Martinez moved for a default judgment against the Carneys.

Meanwhile, by an executor's deed dated March 28, 2008, Arrisini purported to transfer title to the subject property to his and Vanessa's names. That same day, Arrisini and Vanessa mortgaged the property to intervenor Michael Katz, Esq., for $300,000. In July 2008, they mortgaged the property to Katz for another $50,000 (Katz notarized the mortgage note himself). When the Carneys defaulted, Katz commenced a foreclosure

action against them and, in June 2010, intervened in Martinez's action.

By order to show cause dated September 1, 2010, Martinez asked the court to decide his May 2008 motion seeking specific performance, and for attorneys' fees. Justice Patricia Anne Williams signed the order to show cause on September 2, 2010. That same day, Arrisini and Vanessa conveyed the subject property to Katz. Katz notarized the quitclaim deed himself. On September 20, 2010, Justice Williams held a hearing on Martinez's order to show cause and directed that Arrisini and Vanessa give Martinez access to the property, so that Martinez could inspect it and determine if he still wanted to purchase it. During the hearing, no one advised the court that the Carneys had already conveyed the property to Katz.

Arrisini and Vanessa refused to give Martinez access to the property. On November 9, 2010, the court declared null and void the contract of sale between the Carneys and Martinez, ordered a refund of Martinez's deposit, and ordered the Carneys to pay Martinez's attorneys' fees. In January 2011, Martinez moved to renew his September 2010 order to show cause based on the newly-discovered fact that the Carneys had conveyed the property to Katz before the September 20, 2010 court hearing. Martinez sought specific performance of the contract, and requested damages, sanctions, and attorneys' fees from the Carneys and Katz.

Given the convoluted facts of the dispute, the court appointed a guardian ad litem to "investigate and report" on several issues.[1] Katz submitted affidavits in opposition to the guardian ad litem's reports. By order entered June 20, 2013, Justice Aarons granted Martinez's motion to renew, concluding that there were pertinent facts that were not set forth before Justice Williams that would have affected her November 9, 2010 order. The court, inter alia, declared the executor's deed, quitclaim deed, and both mortgages null and void. The court also found Katz liable for attorneys' fees because of his misrepresentations, including his willful failure to inform Justice Williams, during the pendency of Martinez's order to show cause, that the Carneys had conveyed the property to Katz.

The matter was referred to Justice Salman, who conducted a hearing on fees in April 2014. By order entered May 22, 2014, the court awarded Martinez attorneys' fees. Among other things, it held Katz liable for $7,585, and Katz and the Carneys jointly and severally liable for $24,912.

---

1. The court's authority to appoint a guardian ad litem in this situation was not raised below.

On appeal, Katz argues that Martinez's motion was not a proper renewal motion, because the prior motion was for specific performance and attorneys' fees against the Carneys, and the renewal motion sought relief against the Carneys and Katz. Contrary to Katz's contention, Martinez was not seeking relief that was completely different from the relief he sought in his initial motion (*see Sodano v Faithway Deliverance Ctr., Inc.*, 18 AD3d 534, 535-536 [2d Dept 2005]). The renewal motion arose out of the same dispute and sought similar relief, and thus was a proper renewal motion based on newly-discovered facts (CPLR 2221 [e]).

The court is authorized to impose attorneys' fees and expenses upon a party for frivolous conduct that "asserts material factual statements that are false" (Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1 [c] [3]). Supreme Court's June 20, 2013 order found Katz liable to Martinez for attorneys' fees "because of his misrepresentations, including his willful failure to inform Justice Williams, during the pendency of [Martinez's] prior Order to Show Cause, that on September 2, 2010, Defendants, Arrisini and Vanessa Carney, had already conveyed the property" to Katz. Our review of the record confirms that on September 2, 2010, the Carneys conveyed the subject property to Katz by a quitclaim deed that Katz notarized himself. The deed in the record shows the conveyance by the Carneys to "2788 Kingsbridge Terrace Corporation, a New York corporation, c/o Michael Katz," and Katz acknowledged that the corporation was "a company [he] formed." Katz and his attorney failed to inform the court of the conveyance either before or during the September 20, 2010 hearing, and allowed the court to render its decision on incorrect facts. This conduct warrants an award of attorneys' fees and costs. Notably, neither Katz's affidavit nor his testimony at the attorneys' fee hearing provides any explanation for his failure to inform the court of the conveyance.

Although Katz now argues that no fees should have been imposed without a hearing, he fails to allege that he requested such a hearing in the motion court. Further, Rule 130-1.1 does not require a full evidentiary hearing, but states that attorney's fees and costs may be awarded "after a reasonable opportunity to be heard," and that "[t]he form of the hearing shall depend upon the nature of the conduct and the circumstances of the case" (22 NYCRR 130-1.1 [d]). Here, Katz had the opportunity to be heard through affidavits he submitted in opposition to the guardian ad litem's reports. He also had an opportunity to offer testimony at the second proceeding, and we have reviewed that testimony.

Although the court referred to Katz's "misrepresentations," in its findings, it provided detail for only one misrepresentation. 22 NYCRR 130-1.2 provides that "[t]he court may award costs . . . only upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate." As such, Katz should be liable only for fees and costs incurred on and after September 2, 2010 that resulted from the misrepresentation about the property conveyance (*see* 22 NYCRR 130-1.1 [a]). To the extent that the court may have found that Katz acted inappropriately in any other way, the court provided no detail and the decision must be modified.[2]

In its May 22, 2014 order, the court did not explain its rationale for holding Katz liable for $7,585, and Katz and the Carneys jointly and severally liable for $24,912. Indeed, because we are modifying the initial decision finding Katz to have violated 22 NYCRR 130-1.1, the attorneys' fee award must necessarily be vacated because the court may have awarded fees for other alleged misconduct. In fact, our review of Martinez's attorney's invoices in the record suggests that the amount awarded may have included fees incurred before September 2, 2010, which would be inappropriate in light of our modification. Accordingly, the matter is remitted to Supreme Court for a new fee hearing, which shall include a determination of how the fees that are awarded relate to the specific misrepresentation set forth in Justice Aarons's decision (*see McCue v McCue*, 225 AD2d 975, 979 [3d Dept 1996]).

We have considered Katz's remaining arguments and find them unavailing. Concur—Friedman, J.P., Acosta, Richter and Gische, JJ.

---

**2.** We are not relying on the information in the report prepared by the guardian ad litem. Thus, we need not decide whether the court had the authority to appoint the guardian in the first place or should have relied on any hearsay in that report.