# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**257**
**CA 16-01739**
PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

TIME CAP DEVELOPMENT CORP.,
PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

COLONY INSURANCE COMPANY,
DEFENDANT-APPELLANT-RESPONDENT,
ET AL., DEFENDANT.
-------------------------------------------
COLONY INSURANCE COMPANY, THIRD-PARTY
PLAINTIFF-APPELLANT-RESPONDENT,

V

CINCINNATI INSURANCE COMPANY, THIRD-PARTY
DEFENDANT-RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

MELITO & ADOLFSEN P.C., NEW YORK CITY (S. DWIGHT STEPHENS OF COUNSEL),
FOR DEFENDANT-APPELLANT-RESPONDENT AND THIRD-PARTY PLAINTIFF-
APPELLANT-RESPONDENT.

RIVKIN RADLER LLP, UNIONDALE (FRANK MISITI OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.

SUGARMAN LAW FIRM, LLP, SYRACUSE (KEVIN R. VANDUSER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal and cross appeal from an order and judgment (one paper) of
the Supreme Court, Onondaga County (James P. Murphy, J.), entered
September 9, 2016. The order and judgment denied the motion of
defendant-third-party plaintiff for renewal of its prior cross motion
for summary judgment and denied the cross motion of third-party
defendant for summary judgment.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously modified on the law by granting the cross motion of
third-party defendant, and judgment is entered in its favor as
follows:

It is ADJUDGED and DECLARED that defendant-third-party
plaintiff has the sole obligation to indemnify plaintiff in
the underlying litigation,

and as modified the order and judgment is affirmed without costs.

Memorandum:  Time Cap Development Corp. (Time Cap) commenced this action seeking a declaration that defendant-third-party plaintiff Colony Insurance Company (Colony) is required to defend and indemnify Time Cap in the underlying personal injury action.  Thereafter, Colony impleaded third-party defendant Cincinnati Insurance Company (Cincinnati) seeking a declaration that Colony's coverage of Time Cap in the underlying action was excess to Cincinnati's coverage or, alternatively, that Colony and Cincinnati were coinsurers of Time Cap on a 50/50 basis.

In the underlying action, a laborer sought to recover damages from Time Cap and other parties for personal injuries that he sustained when he fell from a ladder at a construction site.  Time Cap, which was insured by Cincinnati, was the general contractor on that construction project, and the injured laborer was an employee of a subcontractor.  The subcontract required the subcontractor to add Time Cap as an additional insured on the subcontractor's insurance policy with Colony.  Shortly after the laborer's accident, Cincinnati sent Colony a letter on Time Cap's behalf giving notice of the laborer's injuries and requesting that Colony defend and indemnify Time Cap.  Colony disclaimed coverage approximately 20 months later.  There is no dispute that Colony failed to disclaim coverage of Time Cap in a timely fashion (*see* Insurance Law § 3420 [d] [2]; *RLI Ins. Co. v Smiedala*, 96 AD3d 1409, 1411-1412).  Time Cap eventually entered into a settlement agreement with the injured laborer, and the underlying action was discontinued.

In appeal No. 1, Colony contends that Supreme Court erred in denying its cross motion for summary judgment insofar as Colony sought a declaration that Cincinnati owes Colony coinsurance on a 50/50 basis.  We reject that contention.  An insurance policy is "to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous the terms are to be taken and understood in their plain, ordinary and proper sense" (*Matter of Covert*, 97 NY2d 68, 76 [internal quotation marks omitted]).  According to the plain terms of the respective insurance policies, the Colony policy is Time Cap's primary insurance, the Cincinnati policy is excess insurance, and Colony may not seek contribution from Cincinnati.  Even assuming, arguendo, that we agree with Colony that its disclaimer was effective against Cincinnati because Cincinnati, unlike Time Cap, was not entitled to a prompt disclaimer under Insurance Law § 3420 (*see generally J.T. Magen v Hartford Fire Ins. Co.*, 64 AD3d 266, 272-273, *lv dismissed* 13 NY3d 889), we nonetheless perceive no basis for altering the priority of coverage set forth in the plain language of the insurance contracts.

In appeal No. 2, Colony contends that the court erred in denying its motion for leave to renew its cross motion for summary judgment.  We also reject that contention.  A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR

2221 [e] [2]; *see Garland v RLI Ins. Co.*, 79 AD3d 1576, 1576-1577, *lv dismissed* 17 NY3d 774, 18 NY3d 877).  "While a court, in its discretion, may grant renewal upon facts known to the moving party at the time of the original motion . . . , renewal should not be available where a party has proceeded on one legal theory on the assumption that what has been submitted is sufficient, and thereafter sought to move again on a different legal argument merely because he was unsuccessful upon the original application" (*Marino v Brown*, 225 AD2d 529, 529 [internal quotation marks omitted]; *see generally Sodano v Faithway Deliverance Ctr., Inc.*, 18 AD3d 534, 535-536).  In moving for leave to renew, Colony proceeded on a completely different legal theory, i.e., that Cincinnati had the sole obligation to defend and indemnify Time Cap, not that Cincinnati owed Colony coinsurance on a 50/50 basis, and we therefore conclude that the court properly denied the motion.

On cross appeal in appeal No. 2, Cincinnati contends that the court erred in denying its cross motion for summary judgment insofar as it sought a declaration that Colony has the sole obligation to indemnify Time Cap.  We agree, and we therefore modify the order and judgment accordingly.  Cincinnati met its burden of establishing that it is entitled to judgment as a matter of law by submitting evidence in admissible form sufficient to eliminate any issues of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).  The Colony insurance policy under which Time Cap was an additional insured provided coverage "with respect to liability for 'bodily injury' . . . caused, in whole or in part, by . . . acts or omissions of those acting on [the subcontractor's] behalf[] in the performance of [the subcontractor's] ongoing operations for the additional insured(s) . . . ."  In support of its motion, Cincinnati submitted deposition testimony of witnesses to the accident establishing that the injured laborer's underlying claims arose from bodily injury that he allegedly suffered when he fell off a ladder while employed by the subcontractor on the construction project.  Although Colony contends that Cincinnati was required to establish negligence, we conclude that the deposition testimony established that the bodily injuries at issue were caused at least in part by the "acts or omissions" of one acting on the subcontractor's behalf, i.e., the injured laborer himself, regardless whether the subcontractor was negligent (*see Kel-Mar Designs, Inc. v Harleysville Ins. Co. of New York*, 127 AD3d 662, 663).

Entered:  March 31, 2017                      Frances E. Cafarell
                                              Clerk of the Court