Strauss v Strauss (2019 NY Slip Op 02993)





Strauss v Strauss


2019 NY Slip Op 02993


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Friedman, J.P., Sweeny, Tom, Moulton, JJ.


304189/13 9060N 9059

[*1] Elizabeth S. Strauss, Plaintiff-Respondent,
v
Daniel A. Strauss, Defendant-Appellant.


The Law Office of William S. Beslow, New York (William S. Beslow of counsel), for appellant.
Pillsbury Winthrop Shaw Pittman LLP, New York (E. Leo Milonas of counsel), for respondent.



Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered February 26, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for sanctions against defendant and his counsel, William S. Beslow, Esq., unanimously affirmed, without costs. Order, same court and Justice, entered May 9, 2018, which, to the extent appealed from as limited by the briefs, awarded plaintiff's counsel, Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP (Cohen Clair), attorneys fees and costs in the amount of $180,000, unanimously modified, on the law and the facts, to vacate the award and remand for further proceedings consistent herewith concerning the amount of reasonable attorneys fees and costs, and otherwise affirmed, without costs.
Defendant does not dispute any of the facts relied upon by the motion court in determining that he and his counsel engaged in sanctionable conduct in the context of this divorce action. The record shows that defendant obtained access to plaintiff's iPad and private text messages, falsely told her that he did not have the iPad and that it was lost, and provided the text messages to his counsel, who admittedly failed to disclose to opposing counsel or the court the fact that defendant was in possession of the iPad and text messages, until two years later when they disclosed that they intended to use the text messages at trial. Nor does defendant explain how or why he was legally permitted to retain plaintiff's iPad without her knowledge, and to access and take possession of plaintiff's personal data located on her iPad (22 NYCRR § 130-1.1[c][1]; see also Lipin v Bender, 84 NY2d 562, 571 [1994]). Plaintiff demonstrated that such conduct implicated criminal laws and, while defendant asserts that he needed to preserve the information for use in the custody trial, he also concedes that he had other evidence that would have supported his position at trial. Thus, there would have been no reason to rely on the text messages other than to harass and embarrass plaintiff (22 NYCRR § 130-1.1[c][2]). The foregoing frivolous conduct supports the imposition of sanctions (22 NYCRR § 130-1.2)
As for the amount of attorneys' fees awarded, an award of legal fees and costs may be made upon motion and does not require a full evidentiary hearing (22 NYCRR § 130-1.1[d]). The rule, however, does require "a reasonable opportunity to be heard" and that "[t]he form of the hearing shall depend upon the nature of the conduct and the circumstances of the case" (22 NYCRR § 130-1.l[d]; see also Martinez v Estate of Carney, 129 AD3d 607, 609 [1st Dept 2015]). "The court may award costs . . . only upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate" (22 NYCRR 130-1.2).
Here, plaintiff's application did not include an affirmation from the Cohen Clair firm explaining its invoices, and, although defendant was given the opportunity to submit a surreply on the issue, he was deprived of the opportunity to question the Cohen Clair invoices. Further, the court's award is insufficiently explained in its decision (See Martinez, 129 AD3d at 609-610). [*2]Accordingly, the matter is remanded to Supreme Court for a further hearing, solely on the issue of the amount of attorney's fees to be awarded to plaintiff with respect to Cohen Clair's services.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK