Matter of Kyriacos L. v Hyunjung K. (2021 NY Slip Op 03379)





Matter of Kyriacos L. v Hyunjung K.


2021 NY Slip Op 03379


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Gische, J.P., Kern, Oing, Shulman, JJ. 


Index No. V5676/18 Appeal No. 13936 Case No. 2020-02876 

[*1]In the Matter of Kyriacos L., Petitioner-Respondent,
v
Hyunjung K., Respondent-Appellant.


Fairchild Law, LLC, Brooklyn (Steven R. Fairchild of counsel), for appellant.
Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, New York (Mara T. Thorpe of counsel), for respondent.



Order, Family Court, New York County (Emily M. Olshanksky, J.), entered on or about April 30, 2020, which granted petitioner father's motion for an award of counsel fees and sanctions against respondent mother, unanimously affirmed, without costs.
The Family Court's detailed decision is amply supported by the record, and the mother does not advance any persuasive argument that her conduct was not frivolous or in bad faith, or was not designed to "harass or maliciously injure another," such that her conduct should not have been sanctioned (22 NYCRR 130-1.1[c]). The record establishes that the mother engaged in a comprehensive pattern of harassment against the father and his wife, by among other things, actively frustrating and impairing the father's efforts to maintain a relationship with the parties' child, and by repeatedly making false accusations of sexual abuse against the father and his wife which resulted in both criminal and child protective investigations being initiated against them. These allegations were thoroughly investigated and determined to be unfounded. Nevertheless, the mother persisted in repeating these allegations in subsequent unfounded claims. She also obstructed the father and his wife's visitation with the child in violation of court orders and threatened and harassed them. The mother also filed numerous factual and legally baseless motions to hold the father's wife and the attorney for the child in contempt of court. Under the circumstances, particularly where the mother exhibited a pattern of bad faith conduct throughout the proceedings despite repeated warnings not to do so, the sanctions imposed by the Family Court were entirely proper.
Further, the Family Court providently exercised its discretion in determining the father's motion for costs and sanctions pursuant to 22 NYCRR 130-1.1 based on the parties' written submissions on the motion, which included documentary evidence and the parties' sworn statements, rather than conducting an evidentiary hearing (see Martinez v Estate of Carney, 129 AD3d 607 [1st Dept 2015]).
We have considered the mother's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021