■ NYCTL 1999-1 Trust et al., Respondents, v 573 Jackson Avenue Realty Corp., Appellant, et al., Defendants. [865 NYS2d 595]—

Judgment, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered May 24, 2007, granting foreclosure of a tax lien and directing sale of real property, and order, same court and Justice, entered on or about December 7, 2007, which denied defendant 573 Jackson Avenue Realty's motion to vacate the foreclosure sale, unanimously affirmed, without costs.

After much litigation, Jackson Avenue Realty deposited with the court the payoff amount demanded by plaintiffs a few days before the scheduled foreclosure sale, and then notified plaintiffs of the payment and asserted that the sale was stayed "per statute." The sale proceeded nonetheless, and the property was sold to a third party.

In a foreclosure action where the defendant pays into court the amount due for principal, interest and costs of the action, together with the expenses of the proceeding to sell, the court is required to dismiss the complaint and stay all proceedings on the judgment (RPAPL 1341), without regard to discretionary interpretation or application (*Gabriel v 351 St. Nicholas Equities*, 168 AD2d 338, 339 [1990]). However, a stay of proceedings under this statute is not self-executing; it requires a motion (*see Green Point Sav. Bank v Oppenheim*, 237 AD2d 409, 410 [1997], *lv denied* 90 NY2d 806 [1997]). Jackson Avenue Realty failed to make such a motion, and its deposit of the amount demanded by plaintiffs did not qualify as an undertaking since it was not reviewed or fixed by the court (CPLR 5519 [a] [4], [6]).

There is no evidence of fraud or other misconduct on plaintiffs' part in failing to advise Jackson Avenue Realty that the sale would proceed despite the latter's payment into court. Absent a confidential or fiduciary relationship, there is no duty to disclose, and mere silence, without identifying some act of deception, does not constitute a concealment actionable as fraud (*see Mobil Oil Corp. v Joshi*, 202 AD2d 318 [1994]).

The attorneys' fee award had ample support in the record. Concur—Mazzarelli, J.P., Andrias, Nardelli, Buckley and Freedman, JJ.