[921 NE2d 195, 893 NYS2d 503]

NYCTL 1999-1 Trust et al., Respondents, v 573 Jackson Avenue Realty Corp., Appellant, et al., Defendants.

Argued November 18, 2009; decided December 15, 2009

## POINTS OF COUNSEL

*Joseph A. Altman, P.C.,* Bronx (*Joseph A. Altman* of counsel), for appellant. I. The lower court erred in denying defendant's motion to vacate the sale where it complied with the requirements set forth in RPAPL 1341 (2). (*Green Point Sav. Bank v Oppenheim,* 237 AD2d 409; *NYCTL 1996-1 Trust v LFJ Realty Corp.,* 307 AD2d 957; *Citibank v Press Realty Corp.,* 139 Misc 2d 558; *First Fed. Sav. & Loan Assn. of Port Washington v Smith,* 83 AD2d 601; *Belsid Holding Corp. v Dahm,* 12 AD2d 499; *United Capital Corp. v 183 Lorraine St. Assoc.,* 251 AD2d 400; *Finance Inv. Co. [Bermuda] v Gossweiler,* 145 AD2d 463; *Norwest Mtge., Inc. v Brown,* 35 AD3d 682; *Glenbriar Co. v Lipsman,* 5 NY3d 388; *EMC Mtge. Corp. v Bobb,* 296 AD2d 476.) II. The lower court erred in denying defendant's motion to vacate the sale where plaintiff fraudulently induced defendant into believing that the sale had been stayed. (*Bankers Fed. Sav. & Loan Assn. v House,* 182 AD2d 602; *Home Owners Loan Corp. v Vangerow,* 277 App Div 774; *Commercial Bank v Catto,* 13 App Div 608.) III. The lower court erred in denying defendant's motion to vacate the sale where the judgment of foreclosure and sale was tantamount to a judgment/order directing the "payment of a sum of money" under CPLR 5519 (a) (2). (*Matter of Scott,* 125 Misc 2d 1024.) IV. The lower court erred in denying defendant's motion to vacate the sale where CPLR 5519 (a) (6), assuming it applied, was also satisfied. V. A judgment of foreclosure which is based upon a sum paid and includes unreasonable legal fees must be set aside and vacated. (*Lazich v Lazich,* 189 AD2d 750.)

*Rosicki, Rosicki & Associates, P.C.,* Plainview (*Owen M. Robinson* of counsel), for respondents. I. The court below was correct when it determined that appellant had failed to comply with CPLR 5519 (a) (6) and therefore was not entitled to a stay of the foreclosure sale. (*Copp v Sands Point Mar.,* 17 NY2d 291; *Bank Leumi Trust Co. of N.Y. v Sibthorp,* 135 AD2d 476; *Sautter v Frick,* 229 App Div 345, 256 NY 535; *Notey v Darien Constr. Corp.,* 41 NY2d 1055; *Wyoming County Bank & Trust Co. v Kiley,* 75 AD2d 477; *Pfeil v Hasselbush,* 273 NY 619; *Homecraft Alterations Corp. v Brill,* 30 Misc 2d 514; *Du Jack v Du Jack,* 243 AD2d 908.) II. The court below correctly determined that appellant had failed to comply with RPAPL 1341 (2) and

therefore was not entitled to a stay of the foreclosure sale. (*NYCTL 1996-1 Trust v LFJ Realty Corp.*, 307 AD2d 957; *Bankers Fed. Sav. & Loan Assn. v House*, 182 AD2d 602; *EMC Mtge. Corp. v Bobb*, 296 AD2d 476; *Green Point Sav. Bank v Oppenheim*, 237 AD2d 409; *Abley Props., Inc. v Reid*, 9 Misc 3d 1107[A], 2005 NY Slip Op 51438[U]; *City of New York v Nelson*, 309 NY 94; *City of New York v Jackson-140 Realty Corp.*, 279 App Div 668; *City of Peekskill v Perry*, 272 App Div 940; *Village of Ossining v Lakin*, 5 Misc 2d 1024; *Finance Inv. Co. [Bermuda] v Gossweiler*, 145 AD2d 463.) III. The court below was correct when it exercised its discretion not to invalidate the foreclosure sale. (*Guardian Loan Co. v Early*, 47 NY2d 515; *Bank of N.Y. v Sheik*, 279 AD2d 440; *Dime Sav. Bank of N.Y. v Zapala*, 255 AD2d 547; *Water St. Leasehold LLC v Deloitte & Touche LLP*, 19 AD3d 183, 6 NY3d 706; *Laub v Faessel*, 297 AD2d 28; *Mobil Oil Corp. v Joshi*, 202 AD2d 318.) IV. It was within the discretion of the trial court below to award legal fees to plaintiff in this tax lien foreclosure and the Appellate Division was correct in affirming the award.

**OPINION OF THE COURT**

GRAFFEO, J.

In this action to foreclose a real property tax lien, we conclude that the property owner did not properly stay the foreclosure sale nor did it exercise its right to redeem. We therefore affirm the order of the Appellate Division.

Defendant 573 Jackson Avenue Realty Corp. (Jackson) failed to pay certain real property taxes on its property located in the Bronx. In May 1999, plaintiff NYCTL 1999-1 Trust (the Trust) acquired a tax lien against the property in the amount of $2,412.75 from the City of New York. Nearly three years later, Jackson paid that amount to the Trust. The lien was not discharged, however, because the statutory interest that had accrued in the interim remained unpaid.

The Trust and the Bank of New York, as collateral agent and custodian for the Trust, then commenced this action against Jackson to recover the balance owed, including interest and attorneys' fees. Following motion practice not relevant here, Supreme Court granted summary judgment in favor of the Trust and appointed a referee to calculate the total amount owed. After the referee's report was issued, the Trust moved to confirm the report and sought a judgment foreclosing the tax lien. Supreme Court granted the motion and awarded the Trust

$9,307.50 in attorneys' fees, finding that such an award was reasonable given that the fees "became so grossly disproportionate to the amount of potential recovery[ ] only after [Jackson] chose to advance and repeat its unavailing arguments which had been decided by the Court in its previous Orders." A judgment of foreclosure and sale was entered in May 2007. Jackson appealed the judgment, arguing that it was improperly calculated.

Meanwhile, a foreclosure sale was scheduled for August 24, 2007. Approximately a week before the sale, the Trust forwarded a payoff letter to Jackson indicating that the sum of $19,070.74 could be paid to redeem the property prior to the sale. Instead of forwarding full payment to the Trust, Jackson deposited $19,563.71 with the Bronx County Clerk on August 17, 2007. The transmittal certificate reflects that the purpose of the deposit was "to be determined" and that the persons to be benefitted likewise were "to be determined." The day before the scheduled sale, the Trust received correspondence from Jackson stating that it had filed an undertaking with the County Clerk that "stayed" the foreclosure sale. The sale proceeded as planned and a third party bought the parcel with a high bid of $160,000.

In September 2007, Jackson moved to cancel the foreclosure sale and enjoin the referee from conveying title because the property had been sold in violation of statutory stays afforded by CPLR 5519 and RPAPL 1341. Supreme Court denied the motion. The Appellate Division affirmed both the foreclosure judgment and Supreme Court's denial of the motion (55 AD3d 454 [1st Dept 2008]), and we granted Jackson leave to appeal (12 NY3d 715 [2009]).

■ Jackson maintains that its appeal from the May 2007 judgment of foreclosure coupled with its August 2007 deposit with the County Clerk automatically stayed the sale under CPLR 5519 (a) (2) and (6). But CPLR 5519 (a) (2) is relevant only where "the judgment or order directs the payment of a sum of money" and has no application to an appeal from a judgment of foreclosure and sale. Similarly, Jackson's reliance on CPLR 5519 (a) (6) is unavailing given that its undertaking was not "in a sum fixed by the court" as required by that provision.

Alternatively, Jackson submits that the foreclosure sale was improper because a stay was obtained pursuant to RPAPL 1341, which provides in relevant part:

"Where an action is brought to foreclose a mortgage upon real property upon which any part of the principal or interest is due, and another portion of either is to become due, and the defendant pays into court the amount due for principal and interest and the costs of the action, together with the expenses of the proceedings to sell, if any, the court shall:
. . .

"2. Stay all proceedings upon judgment, if the payment is made after judgment directing sale and before sale; but, upon a subsequent default in the payment of principal or interest, the court may make an order directing the enforcement of the judgment for the purpose of collecting the sum then due."

■ The Appellate Division concluded that Jackson did not properly secure a stay under RPAPL 1341 because that provision is not self-executing and requires that a court order the stay. We reject Jackson's argument for a more fundamental reason—RPAPL 1341 simply has no application here.

RPAPL 1341 authorizes a stay when the property owner pays a sufficient amount into court in situations "[w]here an action is brought to foreclose a mortgage upon real property upon which any part of the principal or interest is due, *and another portion of either is to become due*" (emphasis added). In typical mortgage foreclosure cases, after a default, the entire balance is accelerated and immediately due. No portion "is to become due" in the future. Because future payments are anticipated only in the context of partial mortgage foreclosures (*see* RPAPL 1351 [2]), it follows that RPAPL 1341, by its plain terms, is limited to partial foreclosures (*see* 1 Bergman, New York Mortgage Foreclosures § 4.07 [1], at 4-46 [2009] ["While that provision does address the concept of redemption, a careful reading of R.P.A.P.L. section 1341 reveals its application solely to the instance where the entire amount of the mortgage has not yet become due. In short, that section applies to the partial foreclosure situation"]). Since this action to foreclose the Trust's tax lien does not involve a partial foreclosure, RPAPL 1341 is inapplicable.

■ Although RPAPL 1341 does not apply outside the partial foreclosure context, we note that a number of recent Appellate Division cases have engrafted that statute's requirements onto a property owner's common-law right of redemption (*see e.g. NYCTL 1996-1 Trust v LFJ Realty Corp.*, 307 AD2d 957 [2d

Dept 2003], *lv dismissed* 1 NY3d 622 [2004]; *EMC Mtge. Corp. v Bobb*, 296 AD2d 476 [2d Dept 2002]; *Green Point Sav. Bank v Oppenheim*, 237 AD2d 409 [2d Dept 1997], *lv denied* 90 NY2d 806 [1997]). The equity of redemption, which long predates the RPAPL, allows property owners to redeem their property by tendering the full sum at any point before the property is actually sold at a foreclosure sale (*see Mackenna v Fidelity Trust Co. of Buffalo*, 184 NY 411, 416 [1906]; *Nutt v Cuming*, 155 NY 309, 313 [1898]; *Nelson v Loder*, 132 NY 288, 291-292 [1892]; *see also* 1 Bergman, New York Mortgage Foreclosures § 4.07, at 4-42.2 [2009]). To the extent *LFJ, EMC* and *Green Point* suggest that a property owner must comply with RPAPL 1341's requirements—including a motion for a stay and a sum deposited with the court—as preconditions for redemption, those cases should not be followed. An unconditional tender of the full amount due is all that is required.

Here, Jackson has conceded that it only sought to stay the sale through its deposit of $19,563.71 with the County Clerk and that it did not tender the sum to the Trust. The record confirms that no tender was made—the documentation associated with the deposit reveals that no particular purpose or person was identified at the time the funds were deposited. Similarly, Jackson notified the Trust that the deposit merely "stayed" the foreclosure sale; it did not claim that it had fully satisfied the outstanding debt. Hence, Jackson informed neither the court nor the Trust that it was making full payment to redeem the property.* Because Jackson did not redeem the property by unconditionally tendering the total amount owed, the parcel was properly sold at auction.

We have considered Jackson's remaining arguments, including those related to the propriety of the foreclosure judgment itself, and find them to be without merit.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs.

---

* In fact, throughout this litigation, Jackson's posture has been that its conduct stayed the sale pending its appeal from the foreclosure judgment—a position that is inconsistent with the exercise of the equity of redemption.