■ FNF TOURING LLC, Respondent, v TRANSFORM AMERICA CORP., Defendant, and CHESTER ASHER, Appellant. [974 NYS2d 367]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered June 19, 2012, which, insofar as appealed from, denied defendant Chester Asher's motion to dismiss the fraud claim asserted against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of Asher dismissing the complaint as against him.

Plaintiff entered into an agreement with defendant Transform America Corp., under which plaintiff was to produce a musician to perform at a benefit concert and meet with up to 40 VIP guests, in exchange for $25,000 and reimbursement of certain expenses. After paying a $12,500 deposit, Transform America cancelled the concert one day before it was scheduled to occur and refused to pay plaintiff the balance claimed under the contract. Alleging that Transform America cancelled the event due to insufficient funding, plaintiff commenced this action against Transform America and its director and president, defendant Asher, asserting causes of action for breach of contract and fraud. The breach of contract claim as against Asher has been dismissed.

To plead a claim for fraud, the complaint must allege " 'a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury' " (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d

173, 178 [2011], quoting *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). A claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016 (b) (*see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486 [2008]).

Even accepting for the purpose of the motion that defendant Asher was the one who allegedly misrepresented that Transform America had the financial capacity to perform the contract, plaintiff does not plead facts sufficient to permit a reasonable inference that the statement was made with fraudulent intent to induce plaintiff's reliance to its detriment. Indeed, plaintiff's admissions that Transform America had paid the $12,500 deposit, scheduled press interviews and a "meet and greet," and was relying on ticket sales to pay the balance due plaintiff undermines a finding of fraudulent intent. Furthermore, "[a]bsent a confidential or fiduciary relationship, there is no duty to disclose, and [a defendant's] mere silence, without identifying some act of deception, does not constitute a concealment actionable as fraud" (*see NYCTL 1999-1 Trust v 573 Jackson Ave. Realty Corp.*, 55 AD3d 454, 454 [1st Dept 2008], *affd* 13 NY3d 573 [2009]).

In light of this determination, we need not reach the issue of whether Asher is entitled to qualified immunity pursuant to Not-For-Profit Corporation Law § 720-a (*see* CPLR 3211 [a] [11]). Concur—Mazzarelli, J.P., Andrias, Freedman and Gische, JJ.