Wilmington Sav. Fund Socy., FSB v Thomas (2024 NY Slip Op 02221)

Wilmington Sav. Fund Socy., FSB v Thomas

2024 NY Slip Op 02221

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-01772
 (Index No. 613226/17)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Theodore Fuller Thomas, et al., appellants, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (James Tierney and Steven Amshen of counsel), for appellants.
Hinshaw & Culbertson LLP, New York, NY (Margaret J. Cascino of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Theodore Fuller Thomas and Lynne Campisi Thomas appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated February 3, 2022. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered December 23, 2020, and to set aside the sale of the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2017, the plaintiff commenced this action against the defendants Theodore Fuller Thomas and Lynne Campisi Thomas (hereinafter together the defendants), among others, to foreclose a mortgage on real property located in Amagansett. In an order dated September 13, 2019, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendants for their failure to appear or answer the complaint and for an order of reference. In an order and judgment of foreclosure and sale entered December 23, 2020, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property. On December 15, 2021, the property was sold at public auction for $1,275,000.
Thereafter, the defendants moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and to set aside the sale of the property. In support of that branch of the motion which was to vacate the order and judgment of foreclosure and sale, the defendants contended, among other things, that they were not properly served with the notice of motion for a judgment of foreclosure and sale or with notice of the referee's hearing. In support of that branch of the motion which was to set aside the sale of the property, the defendants contended that the foreclosure sale was a nullity, because prior to the conclusion of the sale, the defendants filed a hardship declaration pursuant to the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 (hereinafter CEEFPA), which automatically stayed any further proceedings in this action until January 15, 2022, including the sale of the property at auction. In support of their motion, the [*2]defendants submitted, inter alia, an affidavit from the defendant Theodore Fuller Thomas (hereinafter Fuller Thomas), in which he averred that at approximately 9:00 a.m. on December 15, 2021, he first learned that a foreclosure sale was scheduled for 11:00 a.m. that day. Fuller Thomas further averred that he completed a hardship declaration and that an attorney he retained electronically filed it with the Supreme Court at 11:22 a.m. Fuller Thomas also averred that he was present at the sale of the property on December 15, 2021, and that the bidding concluded at approximately 11:45 a.m. The defendants also submitted a copy of a NYSCEF confirmation notice, reflecting that a hardship declaration was electronically filed at 11:22 a.m. on December 15, 2021, and that an email notification of the filing also was sent to the plaintiff's counsel at 11:22 a.m. The copy of the hardship declaration in the record states that the document was "digitally signed by Theodore F. Thomas" at 11:10 a.m. on December 15, 2021.
The plaintiff opposed the motion. In an order dated February 3, 2022, the Supreme Court, inter alia, denied those branches of the defendants' motion which were pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and to set aside the sale of the property. The defendants appeal.
The Supreme Court properly denied that branch of the defendants' motion which was to vacate the judgment of foreclosure and sale. Contrary to the defendants' contention, they were not entitled to notice of the referee's hearing or service of the plaintiff's motion for a judgment of foreclosure and sale, as they failed to appear or answer the complaint (see CPLR 2103[e]; 21st Mtge. Corp. v Raghu, 197 AD3d 1212, 1217).
The Supreme Court also properly denied that branch of the defendants' motion which was to set aside the foreclosure sale. Within one year after a foreclosure sale, the court is authorized to set aside the sale for failure to comply with statutory requirements as to the notice, time, or manner of such sale, if a substantial right of a party was prejudiced by the defect (see CPLR 2003; RPAPL 231[6]; Guardian Loan Co. v Early, 47 NY2d 515, 520; Wilmington Sav. Fund Socy., FSB v Brockett, 219 AD3d 548, 549). A court may also exercise its inherent equitable power to ensure that a foreclosure sale conducted pursuant to a judgment of foreclosure "is not made the instrument of injustice" (Guardian Loan Co. v Early, 47 NY2d at 520; see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d 895, 896) and may therefore set aside a foreclosure sale "'where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale'" (Alkaifi v Celestial Church of Christ Calvary Parish, 24 AD3d 476,477, quoting Fleet Fin. v Gillerson, 277 AD2d 279, 280). In addition, a "judgment rendered without jurisdiction is void" and "when a deed is issued in execution upon such a void judgment, that deed is similarly void" (U.S. Bank, N.A. v Bernhardt, 88 AD3d 871, 872).
Here, the defendants failed to demonstrate a valid statutory, equitable, or jurisdictional ground to set aside the foreclosure sale. The defendants contend that the foreclosure sale on December 15, 2021, should have been stayed until January 15, 2022, due to Fuller Thomas's electronic filing of the hardship declaration prior to the conclusion of the sale. The filing of such a hardship declaration is a procedure authorized by CEEFPA, signed into law on December 28, 2020 (see L 2020, ch 381). CEEFPA provides, among other things, that "[i]n any action to foreclose a mortgage, if the mortgagor provides a hardship declaration to the foreclosing party, the court, or an agent of the foreclosing party or the court, prior to the execution of the judgment, the execution shall be stayed until at least May 1, 2021" (L 2020, ch 381, part B, subpart A, § 8). The effective time period of the stay under CEEFPA was later extended through January 15, 2022 (see L 2021, ch 147; see also Administrative Order 262/21).
Assuming, without deciding, that the defendants are correct that Fuller Thomas's hardship declaration was properly executed with an electronic signature, the plaintiff is correct that filing the hardship declaration on NYSCEF after the foreclosure sale had already begun, without more, was insufficient to trigger a stay of the foreclosure sale. The NYSCEF filing during the foreclosure sale was insufficient to "provide[ ]" the hardship declaration to the foreclosing party or its agent, or to the court or its agent, "prior to the execution of the judgment," as required by CEEFPA to trigger a stay of the execution of the judgment (L 2020, ch 381, part B, subpart A, § 8). [*3]A statute must be interpreted in such a manner as "to avoid an unreasonable or absurd application of the law" (Bank of Am., N.A. v Kessler, 39 NY3d 317, 324 [internal quotation marks omitted]). Here, it is unreasonable and absurd to conclude that the Legislature intended for the electronic filing of a hardship declaration in the midst of an ongoing foreclosure sale to suffice, standing alone, to stay the ongoing sale. There is no basis to conclude that such a filing would provide actual timely notice to the court, foreclosing party, or the referee conducting the sale that a stay had been triggered.
We are unpersuaded by the defendants' reliance upon cases discussing the timing of the extinguishment of the equity of redemption. It is true that enforcement of a judgment of foreclosure and sale is generally deemed complete when the sale is concluded (see Guardian Loan Co., Inc. v Early, 47 NY2d at 520), and the equity of redemption may be exercised "at any point before the property is actually sold" (NYCTL 1999-1 Trust v 573 Jackson Ave. Realty Corp., 13 NY3d 573, 579). However, the equity of redemption is not exercised if the property owner does not unequivocally tender to the referee the full sum due (see id.). The conspicuous and unequivocal nature of the exercise of the equity of redemption distinguishes it from the mere filing of an electronic form without further notice to the foreclosing party or to the referee conducting the sale. Thus, the defendants' contention that the electronic filing of a hardship declaration after the sale had begun triggered an automatic stay pursuant to CEEFPA is not a reasonable interpretation of that statute (see generally U.S. Bank Trust, N.A. v Leonardo, 79 Misc 3d 1075, 1081).
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and to set aside the sale of the property.
In light of the foregoing determination, the parties' remaining contentions need not be reached.
DILLON, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court