## RSD857 LLC v Wright

2024 NY Slip Op 31674(U)

May 13, 2024

Supreme Court, New York County

Docket Number: Index No. 158125/2022

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**   PART   47

*Justice*

-------------------------------------------------------------------------X

RSD857 LLC,

Plaintiff,

- v -

ALBERT WRIGHT, MICHAEL PETROKANSKY, UTICA
RESIDENCE LLC, SIGMUND FREUND, SPENCER
DEVELOPERS INC., JOHN VISCUSI, JOBY HCOCK1131
LLC, YKSNAK HOLDINGS LLC, DUSTIN COHEN

Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158125/2022 |
| MOTION DATE | 02/03/2023, 02/03/2023 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 83, 84, 85, 86, 87, 88, 89, 112, 114, 116

were read on this motion to/for                DISMISS                .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 115, 117, 118

were read on this motion to/for                DISMISS                .

Plaintiff RSD857 LLC (RSD857) brings this action against defendant/counterclaim

plaintiff Albert Wright (Wright) to quiet title to real property located at 857 Riverside Drive,

New York, New York (Block 2135, Lot 23) (the Property).  In motion sequence no. 001,

crossclaim defendant John Viscusi (Viscusi) moves, pursuant to CPLR § 3211 (a) (7), to dismiss

the crossclaims asserted against him by Wright.  In motion sequence no. 002, crossclaim

defendant Dustin Cohen (Cohen) moves, pursuant to CPLR § 3211 (a) (1) and (7), to dismiss

Wright's crossclaims as asserted against him.

The motions are consolidated for disposition.

**158125/2022   RSD857 LLC vs. WRIGHT, ALBERT ET AL**               **Page 1 of 16**
**Motion No.  001 002**

1 of 16

[* 1]

## BACKGROUND

The following facts are taken from the pleadings unless noted otherwise and are assumed to be true for purposes of these motions (*34-06 73, LLC v Seneca Ins. Co.*, 39 NY3d 44, 51 [2022]). Defendant Michael Petrokansky (Petrokansky), also known as Michael Petro, is the sole owner and member of RSD857 and an owner and/or member of defendants Joby Hcock1131 LLC (Joby), YKSNAK Holdings LLC (YKSNAK) and Utica Residence LLC (Utica) (NY St Cts Elec Filing [NYSCEF] Doc No. 38, Wright amended answer ¶¶ 82-85 and 87). Defendant Sigmund Freund (Freund) is a member of Utica and a managing partner of defendant Spencer Developers Inc. (Spencer) (*id.*, ¶¶ 86-88). Viscusi is an individual residing in Westbury, New York (*id.*, ¶ 89). Cohen is an attorney with the Law Office of Dustin J. Cohen, PLLC in Jericho, New York (*id.*, ¶ 90).

Wright alleges that he is the victim of a predatory mortgage foreclosure rescue scam perpetrated by Petrokansky, in concert with RSD857 and the other counterclaim defendants, to fraudulently induce him and his wife, Doreen Green (Green),[1] to convey title to the Property, then the subject of a residential mortgage foreclosure action, to RSD857 in a short sale transaction (*id.*, ¶ 80). Wright and Green purchased the one- to two-family residential dwelling in 1998 for $95,000 and obtained a mortgage, and refinanced multiple times to finance repairs (*id.*, ¶¶ 91 and 97, NYSCEF Doc No. 43, Wright amended answer, exhibit 5). In October 2006, Wright and Green obtained a loan in the principal sum of $1.151 million secured by a mortgage on the Property in favor of Mortgage Electronic Registration System, Inc., as nominee for Countrywide Bank, N.A. (the Wright Loan and Mortgage) (NYSCEF Doc No. 38, ¶ 98). Bank of America, N.A. subsequently acquired Countrywide Bank, N.A. (*id.*, ¶ 99), and Nationstar,

---

[1] Wright has averred that he and Green are estranged and that Green has filed for divorce (NYSCEF Doc No. 105, Bruno affirmation, exhibit N, Wright 1/4/2022 aff, ¶ 8).

**158125/2022  RSD857 LLC vs. WRIGHT, ALBERT ET AL**  **Page 2 of 16**
**Motion No.  001 002**

later known as Mr. Cooper, began servicing the Wright Loan and Mortgage (*id.*, ¶ 102). The Wright Loan and Mortgage has been in default since April 2011 (*id.*, ¶ 148), and the mortgagee commenced a mortgage foreclosure action against Wright, Green and others captioned *Deustche Bank National Trust Company v Green, et al.*, Sup Ct, NY County, index No. 850088/2017 (the Foreclosure Action) (*id.*, ¶ 107; NYSCEF Doc No. 94, Bruno affirmation, exhibit C). Wright retained the Law Office of Yuriy Moshes, P.C. to represent him, though a loan modification agreement was never finalized or executed (NYSCEF Doc No. 38, ¶ 108).

In September 2017, Petrokansksy approached Wright on behalf of YKSNAK, stated that he knew the Property was in foreclosure and offered to purchase it outright before offering to assist Wright in keeping his home (*id.*, ¶¶ 109-110). Between September 2017 and October 2019, Petrokansky repeatedly represented that he could save the Property from foreclosure while allowing Wright to maintain his equity in the Property and to continue residing there if Wright agreed to pursue a short sale (*id.*, ¶¶ 117 and 119). Petrokansksy purportedly showed Wright photographs of other distressed homeowners he had helped and allowed Wright to speak to one such person by telephone (*id.*, ¶ 120). By early 2018, Petrokansksy had successfully persuaded Wright to agree to a short sale to evade foreclosure (*id.*, ¶ 121). In February 2018, Wright and Green executed a memorandum of contract in which they agreed to sell the Property to RSD857; the memorandum was recorded in the Office of the City Register nine days later (NYSCEF Doc No. 48, Wright amended answer, exhibit 10). RSD857, though, did not register to conduct business with the New York State Department of State until March 21, 2018 (NYSCEF Doc No. 49, Wright amended answer, exhibit 11). On Petrokansky's advice, Wright filed for Chapter 13 bankruptcy on March 5, 2018 to stay further proceedings in the Foreclosure Action (*id.*, ¶¶ 124-125). Wright alleges that after the Law Office of Yuriy Moshes, P.C. withdrew its representation

158125/2022   RSD857 LLC vs. WRIGHT, ALBERT ET AL
Motion No.  001 002

Page 3 of 16

3 of 16

of him in late March, he relied on Petrokansky to represent his interests in the Foreclosure Action (*id.*, ¶¶ 127-128; NYSCEF Doc No. 50, Wright amended answer, exhibit 12).

Thereafter, on April 4, 2018, Wright and Green executed a short sale contract to sell the property to Joby for $520,000, and on April 9, 2018, Wright and Green executed a memorandum of option contract agreeing to sell the Property to YKSNAK (NYSCEF Doc No. 38, ¶¶ 129-130). In January 2019, Petrokansky allegedly arranged for two appraisals for the Property; Viscusi completed the second appraisal (*id.*, ¶ 131). Wright alleges that Viscusi significantly undervalued the Property at $825,000 by failing to account for its value as a development site (*id.*, ¶ 132). Wright further alleges that Viscusi's appraisal from January 18, 2019 was a significant factor in convincing him and the mortgagee in the Foreclosure Action to agree to a short sale (*id.*, ¶ 133). Petrokansky or his agents, purporting to represent Wright and Green, appeared at a court conference in the Foreclosure Action and "advocated for the court to issue an order that would pressure the foreclosing lender to review the pending short sale application for the benefit of Mr. Petrokansky" (*id.*, ¶ 134). Wright and Green, at Petrokansky's direction, also executed a short sale approval application on October 17, 2019 (*id.*, ¶ 136).

On October 28, 2019, Wright and Green, at Petrokansky's instruction, appeared at an office in Long Island to sign documents to resolve the mortgage loan foreclosure and the short sale (*id.*, ¶¶ 138-139). At that time, Petrokansksy informed Wright that "Cohen … would represent him as his attorney throughout the execution of the necessary documents," even though Wright had never met Cohen before and had never signed an engagement agreement (*id.*, ¶ 140). Wright signed approximately 20 documents, though he could not read the fine print because he is legally blind from Stargardt disease (*id.*, ¶ 144). The documents included a residential contract of sale in which Wright and Green agreed to sell the Property to RSD857 for $850,000 (*id.*, ¶

**158125/2022  RSD857 LLC vs. WRIGHT, ALBERT ET AL**
**Motion No. 001 002**

**Page 4 of 16**

4 of 16

145). The contract of sale is not dated, and there is no attorney listed as representing the sellers (NYSCEF Doc No. 53, Wright amended answer, exhibit 15). Wright and Green also executed a deed transferring title to the Property to RSD857; the deed was recorded in the Office of the City Register on November 18, 2019 (NYSCEF Doc No. 54, Wright amended answer, exhibit 16). A real property transfer report signed by Petrokansky, on behalf of RSD857, and Wright on October 28, 2019 and on the "New York City Land Recording System" listed the sale price as $975,000 (*id.* at 10; NYSCEF Doc No. 38, ¶ 151)). Wright alleges, upon information and belief, that RSD857 transferred $975,000 to the mortgagee to satisfy the Wright Loan and Mortgage, even though the outstanding balance as of October 28, 2019, inclusive of interest and fees, was $1,732,275 (*id.*, ¶ 148). The court (Bluth, J.) later granted the mortgagee's motion to discontinue the Foreclosure Action and cancel the notice of pendency (NYSCEF Doc No. 61, December 6, 2019 decision and order, in the Foreclosure Action).

Meanwhile, Petrokansky and Freund allegedly formed Utica on September 25, 2019 for the sole purpose of financing RSD857's purchase of the Property (*id.*, ¶ 87). On October 28, 2019, Petrokansky, for RSD857, executed a mortgage in favor of Utica in the principal amount of $1 million secured by the Property (the Utica Mortgage); the Utica Mortgage was recorded in the Office of the City Register on November 18, 2019 (NYSCEF Doc No. 55, Wright amended answer, exhibit 17). In August 2020, Spencer filed an application to demolish the Property and replace it with a high-rise luxury condominium building (*id.*, ¶¶ 155-156).

Wright alleges that Petrokansky reneged on his promises shortly after completing the short sale and sought to bar Wright from the Property (*id.*, ¶ 158). Wright alleges that Petrokansky or his agents harassed or threatened him (*id.*, ¶¶ 161-162); changed the locks to the Property, padlocked fences, installed security cameras, and boarded windows (*id.*, ¶ 23); barred

**158125/2022  RSD857 LLC vs. WRIGHT, ALBERT ET AL**
**Motion No.  001 002**

**Page 5 of 16**

5 of 16

[* 5]

him from accessing the basement (*id.*, ¶ 164); forced Wright to "share" his home with four unknown individuals (*id.*, ¶ 168); entered the Property without permission (*id.*, ¶ 182); and performed construction work without a permit (*id.*, ¶ 184). RSD857 has commenced a separate ejectment action against Wright captioned *RSD857 LLC v Wright, et al.*, Sup Ct, NY County, index No. 160679/2020 (the Ejectment Action).

RSD857 commenced this action in September 2022. RSD857 alleges that Wright and Green voluntarily sold the Property to it in a short sale (NYSCEF Doc No. 2, complaint ¶ 12). RSD857 alleges that Green, acting for herself and Wright, formally surrendered the Property on November 19, 2020, and on November 24, 2020, Green furnished RSD857 with a surrender agreement she and Wright had signed (*id.*, ¶¶ 19 and 21). RSD857 claims it secured the Property by boarding the windows, padlocking fences, and changing the locks (*id.*, ¶¶ 19 and 23). RSD857 alleges that Wright has refused to surrender the Property and changed the locks and destroyed security cameras (*id.*, ¶¶ 24-25). On June 29, 2022, Wright filed a notice of rescission of deed under RPL § 265-a (8) (*id.*, ¶ 31). RSD857 asserts the notice is facially defective (*id.*, ¶ 33), and when its counsel sought to tender the deed and transfer documents to Wright's counsel, counsel refused (*id.*, ¶¶ 34-36). RSD857 seeks to quiet title and to declare the rescission notice null and void or ineffective.

In his amended answer, Wright interposed eight affirmative defenses and the following nine counterclaims/crossclaims for: (1) an alleged violation of the Home Equity Theft Protection Act (HETPA), codified in RPL § 265-a, against RSD857 and Petrokansky; (2) fraud against RSD857, Petrokansky, Viscusi and Cohen; (3) civil conspiracy to commit fraud against all defendants; (4) civil conspiracy to violate HETPA against RSD857, Joby, YKSNAK, Utica, Petrokansky and Freund; (5) piercing the corporate veil against RSD857, Joby, YKSNAK, Utica,

158125/2022   RSD857 LLC vs. WRIGHT, ALBERT ET AL
Motion No.  001 002

Page 6 of 16

6 of 16

[* 6]

Petrokansky and Freund; (6) imposition of a constructive trust against RSD857 and Petrokansky; (7) an alleged violation of RPAPL 853 against RSD857 and Petrokansky; (8) conversion against RSD857 and Petrokansky; and (9) to quiet title under RPAPL article 15. In lieu of answering the crossclaims, Viscusi and Cohen move separately for dismissal.

## DISCUSSION

On motion to dismiss brought under CPLR § 3211 (a) (7), "the pleading is to be afforded a liberal construction" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). The court must "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*id.* at 87-88). Dismissal is warranted if "the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Connaughton v Chipotle Mexican Grill, Inc*., 29 NY3d 137, 142 [2017]). In addition, "[w]hen documentary evidence is submitted by a defendant 'the standard morphs from whether the plaintiff stated a cause of action to whether it has one'" (*Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 AD3d 128, 135 [1st Dept 2014] [citation omitted]). Dismissal is appropriate if the evidence demonstrates that the plaintiff has no cause of action (*id.*).

Dismissal on a motion brought under CPLR § 3211 (a) (1) is appropriate where the documentary evidence utterly refutes the plaintiff's claims and conclusively establishes a defense as a matter of law (*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc.*, 37 NY3d 169, 175 [2021], *rearg denied* 37 NY3d 1020 [2021]). To qualify as documentary evidence, "the evidence must be unambiguous and of undisputed authenticity" (*Twitchell Tech. Prods., LLC v. Mechoshade Sys., LLC*, — AD3d —, 2024 NY Slip Op 01744,

**158125/2022   RSD857 LLC vs. WRIGHT, ALBERT ET AL**
**Motion No.  001 002**

**Page 7 of 16**

7 of 16

*3 [2d Dept 2024] [internal quotation marks and citation omitted]), and "contain facts that are essentially undeniable" (*Whitestone Constr. Corp. v F.J. Sciame Constr. Co.*, *Inc.*, 194 AD3d 532, 534 [1st Dept 2021]).

A. The Second Crossclaim for Fraud

A cause of action for fraud requires the plaintiff to plead "a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Pasternack v Laboratory Corp. of Am. Holdings*, 27 NY3d 817, 827 [2016] [internal quotation marks and citations omitted]). Fraud must be pleaded with particularity (*see* CPLR § 3016 [b]). Thus, "[s]tatements made in pleadings upon information and belief are not sufficient to establish the necessary quantum of proof to sustain allegations of fraud" (*Facebook, Inc. v DLA Piper LLP (US)*, 134 AD3d 610, 615 [1st Dept 2015], *lv denied* 28 NY3d 903 [2016]). But the plaintiff need not present "unassailable proof of fraud" so long as "the facts are sufficient to permit a reasonable inference of the alleged conduct" (*Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 492 [2008]).

*1. Viscusi*

Viscusi contends that his appraisal cannot give rise to a cause of action for fraud because it constitutes nonactionable opinion. Wright counters that he has articulated a claim for fraud based on the numerous material misrepresentations in Viscusi's appraisal.

"It is well settled that appraisals are generally not actionable under a theory of fraud or fraudulent inducement because such representations of value are matters of opinion upon which there can be no basis for detrimental reliance" (*Wells Fargo Bank, N.A. v Alessi*, 133 AD3d 1216, 1217 [4th Dept 2015] [collecting cases]), especially where there is no direct relationship

**158125/2022   RSD857 LLC vs. WRIGHT, ALBERT ET AL**
**Motion No.  001 002**

**Page 8 of 16**

8 of 16

[* 8]

between the plaintiff and the appraiser (*see Wells Fargo Bank, N.A. v Wine*, 90 AD3d 1216, 1217 [3d Dept 2011], citing *Mandarin Trading Ltd. v Wildenstein*, 65 AD3d 448, 450 [1st Dept 2009], *affd* 16 NY3d 173 [2011]). However, "'an opinion, especially an opinion by an expert, may be found to be fraudulent if the grounds supporting it are so flimsy as to lead to the conclusion that there was no genuine belief back of it'" (*Ambassador Factors v Kandel & Co.*, 215 AD2d 305, 308 [1st Dept 1995] [citation omitted]; *see also Ultramares Corp. v Touche*, 255 NY 170, 186 [1931]). Furthermore, "an assessment of market value that is based upon misrepresentations concerning existing facts may support a cause of action for fraud" (*Flandera v AFA Am., Inc.*, 78 AD3d 1639, 1640 [4th Dept 2010]).

Affording Wright every favorable inference, Wright has sufficiently pleaded a cause of action for fraud against Viscusi. Wright alleges that Petrokansky arranged for Viscusi to prepare an appraisal in which Viscusi significantly undervalued the Property by "using unreliable standards and methodologies, to make the short sale more appealing to the lender and to mislead Mr. Wright" (NYSCEF Doc No. 38, ¶¶ 131-132). Annexed to Wright's answer is a forensic review appraisal and analysis performed by senior appraiser Michael Pavlakos (Pavlakos) of East Coast Appraisal Service (NYSCEF Doc No. 52, Wright amended answer, exhibit 14). Although the report is unsworn, it forms part of Wright's amended answer (*see* CPLR § 3014). Pavlakos identified numerous misrepresentations and deficiencies in Viscusi's appraisal. Specifically, Viscusi failed to prepare a report in conformity with the Uniform Standards of Professional Appraisal Practice; failed to accurately report publicly available information that Wright and Green had twice contracted to sell the Property prior to the short sale transaction; failed to accurately report current zoning restrictions and the development potential for the site; included a misleading statement with respect to the highest and best use for the Property; and failed to cite

**158125/2022 RSD857 LLC vs. WRIGHT, ALBERT ET AL**
**Motion No. 001 002**

**Page 9 of 16**

9 of 16

any comparable rentals or comparable properties for sale in the appraisal (*id.* at 2-4). Additionally, Pavlokos found fault with Viscusi's cost approach because Viscusi failed to include or cite information on comparable land sales in the area (*id.* at 4). Moreover, it appears that Viscusi may have been aware that Wright would rely on the appraisal (*see Rodin Props.-Shore Mall v Ullman*, 264 AD2d 367, 368-369 [1st Dept 1999] ["[w]hen a professional … has a specific awareness that a third party will rely on his or her advice or opinion, the furnishing of which is for that very purpose, and there is reliance thereon, tort liability will ensue if the professional report or opinion is negligently or fraudulently prepared"]). Although Viscusi sent the invoice for the appraisal to Petrokansky, the first page of the appraisal states that it was prepared for Wright (NYSCEF Doc No. 31, Wright amended answer, exhibit 13 at 2 and 23). Given the number of alleged misstatements and deficiencies in the appraisal, together with Viscusi's acknowledgement that the appraisal had been prepared for Wright, Wright has pleaded facts sufficient to infer fraudulent intent (*see e.g. Houbigant, Inc. v. Deloitte & Touche*, 303 AD2d 92, 100 [1st Dept 2003]). Accordingly, Viscusi's motion insofar as it seeks dismissal of Wright's second crossclaim as asserted against him will be denied.

*2. Cohen*

Cohen argues that Wright failed to plead fraud with particularity by failing to identify a material misrepresentation Cohen made. Cohen further argues that Wright cannot demonstrate reasonable reliance on any purported misrepresentations by him given Wright's prior statements that he was without counsel on the transaction and completely relied on Petrokansksy. Wright contends that he has adequately pleaded a cause of action for fraud based on a material omission.

In reviewing the amended answer, Wright did not plead a specific affirmative misrepresentation made by Cohen (*see CMB Export Infrastructure Inv. Group 48, LP v.*

**158125/2022   RSD857 LLC vs. WRIGHT, ALBERT ET AL**
**Motion No.  001 002**

**Page 10 of 16**

10 of 16

*Motcomb Estates, Ltd.*, 223 AD3d 513, 514 [1st Dept 2024] [complaint must plead specific facts about the time, place and manner of the alleged misrepresentation]), alleging only that he "relied on other's representations, including those of … Cohen" (NYSCEF Doc No. 38, ¶ 144). However, a claim for fraud can be predicated upon an omission of material fact (*Pasternack*, 27 NY3d at 827), and here, Wright alleges that Cohen's "silent acquiescence with Mr. Petrokansky's misrepresentations does not excuse him of liability" (NYSCEF Doc No. 115, Wright mem of law at 2).

"Absent a confidential or fiduciary relationship, there is no duty to disclose, and mere silence, without identifying some act of deception, does not constitute a concealment actionable as fraud" (*NYCTL 1999-1 Trust v 573 Jackson Ave. Realty Corp*., 55 AD3d 454, 454 [1st Dept 2008], *affd* 13 NY3d 573 [2009], *cert denied* 561 US 1006 [2010]). "A fiduciary relationship 'exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation'" (*EBC I, Inc. v Goldman Sachs & Co*., 5 NY3d 11, 19 [2005] [citation omitted]). Whether a fiduciary relationship exists is "necessarily fact specific" (*id.*). "'If the parties … do not create their own relationship of higher trust, courts should not ordinarily transport them to the higher realm of relationship and fashion the stricter duty for them'" (*id.* at 20 [citation omitted]).

It is well settled that "[a]ttorneys have a fiduciary relationship with their clients" (*Mutual Benefits Offshore Fund, Ltd. v Zeltser*, 172 AD3d 648, 649 [1st Dept 2019], *lv dismissed* 35 NY3d 933 [2020]). Wright argues that he and Cohen had a fiduciary relationship because Petrokansky stated that Cohen would act as Wright's attorney. Wright, though, has averred in affidavits submitted in the Ejectment Action that the lawyers at the closing "were all lawyers for Mr. Petrokanksy" (NYSCEF Doc No. 103, Bruno affirmation, exhibit L, Wright 3/29/2021 aff ¶

**158125/2022   RSD857 LLC vs. WRIGHT, ALBERT ET AL**
**Motion No.  001 002**

**Page 11 of 16**

11 of 16

38), that "[a]ny alleged legal counsel all worked for Mr. Petrokansky and so did not have my best interests in mind" (*id.*, ¶ 23), and that "there was no lawyer present there representing me to explain the documents that I was signing" (NYSCEF Doc No. 105, ¶ 24). Wright has also averred that "[t]he papers were put in front of me for the short sale and I had to completely rely on Mr. Petrokansky to advise me what he [sic] was signing" (NYSCEF Doc No. 103, ¶ 23). Although Wright's affidavits filed in the Ejectment Action are not considered documentary evidence for purposes of CPLR § 3211 (a) (1) (*Allen v Thompson*, 224 AD3d 565, 568 [1st Dept 2024]), the statements therein constitute informal judicial admissions and, contrary to Wright's contention, those prior statements can be considered on a CPLR § 3211 motion testing the sufficiency of a pleading (*see Kaisman v Hernandez*, 61 AD3d 565, 566 [1st Dept 2009]; *Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81 [1st Dept 1999], *affd* 94 NY2d 659 [2000]). In addition, the statements in Wright's verified answer denying the existence of an attorney-client relationship with Cohen constitute formal judicial admissions (*see P. Zaccaro, Co., Inc. v DHA Capital, LLC*, 157 AD3d 602, 602 [1st Dept 2018], *lv denied* 31 NY3d 907 [2018]; *see also* Jerome Prince, Richard on Evidence § 8-215 [Farrell 11th ed 1995]). Specifically, Wright alleges that he "had not previously met Mr. Cohen, had not signed an engagement agreement with Mr. Cohen, and had not otherwise entered into an attorney-client relationship" with Cohen (NYSCEF Doc No. 38, ¶ 140). Wright pleads no other facts from which to infer that he and Cohen enjoyed a relationship of trust and confidence so as to give rise to a duty to speak (*see NYCTL 1999-1 Trust*, 55 AD3d at 454).

Even accepting Wright's allegation that, "[t]o the extent an attorney-client relationship existed, … Mr. Cohen failed to discharge his fiduciary duties to Mr. Wright" (NYSCEF Doc No. 37, ¶ 141), Wright still fails to plead a cause of action for fraud. The allegations in Wright's

158125/2022 RSD857 LLC vs. WRIGHT, ALBERT ET AL
Motion No. 001 002

Page 12 of 16

[* 12]

12 of 16

amended answer sound in legal malpractice.  A cause of action for fraud is duplicative of a cause of action for legal malpractice where, as is the case here, the claims arise out of the same nucleus of facts and seek the same damages (*see Barrett v Goldstein*, 161 AD3d 472, 473 [1st Dept 2018]).  In addition, a cause of action for legal malpractice is subject to a three-year statute of limitations (*see* CPLR § 214), and Wright did not bring a claim against Cohen until after the statutory period expired.  Accordingly, Wright's second counterclaim for fraud as against Cohen will be dismissed.

B.  The Third and Fourth Crossclaims for Civil Conspiracy

Viscusi contends that the civil conspiracy crossclaims should be dismissed as against him because he is not considered an equity purchaser under the HETPA.  Cohen contends the civil conspiracy crossclaims should be dismissed as against him because Wright failed to allege any facts to establish that Cohen knowingly entered into an agreement to commit fraud or a HEPTA violation.

Under New York law, civil conspiracy is not a cognizable, independent cause of action (*Troy-McKoy v Mount Sinai Beth Israel*, 182 AD3d 524, [1st Dept 2020], *lv denied* 35 NY3d 914 [2020], *cert denied* 141 S Ct 2527 [2021]).  Instead, "'[a]llegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort'" (*Abacus Fed. Sav. Bank v Lim*, 75 AD3d 472, 474 [1st Dept 2010] [citation omitted]).  A claim for civil conspiracy requires the plaintiff to "demonstrate the primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury'" (*id.* [citation omitted]).  "Bare, conclusory allegations of

158125/2022   RSD857 LLC vs. WRIGHT, ALBERT ET AL
Motion No.  001 002

Page 13 of 16

conspiracy are insufficient" (*Kovkov v Law Firm of Dayrel Sewell, PLLC*, 182 AD3d 418, 418 [1st Dept 2020], *lv denied* 36 NY3d 909 [2021]).

Preliminarily, Viscusi's contention that the civil conspiracy crossclaims fail against him because he is not a party to the underlying torts is unpersuasive. A claim for civil conspiracy "connect[s] nonactors, who might otherwise escape liability, with the [tortious] acts of their coconspirators" (*Schwartz v Society of the N.Y. Hosp*., 199 AD2d 129, 130 [1st Dept 1993] [internal quotation marks and citation omitted]).

Even after according Wright the benefit of every possible favorable inference, Wright fails to plead a cause of action for civil conspiracy. "A mere conspiracy to commit a fraud is never of itself a cause of action" (*Agostini v Sobol*, 304 AD2d 395, 395 [1st Dept 2003] [internal quotation marks and citation omitted]). Here, Wright's answer fails to plead nonconclusory factual allegations sufficient to infer that Viscusi and Cohen "had agreed or entered into an understanding with the other defendant[s] (against which particular acts of fraud were alleged) to cooperate in any fraudulent scheme" (*Abrahami v UPC Constr. Co*., 176 AD2d 180, 180 [1st Dept 1991]; *National Westminster Bank USA v Weksel*, 124 AD2d 144, 147 [1st Dept 1987], *lv denied* 70 NY2d 604 [1987] [same]). In particular, the vague and conclusory allegations describing the alleged agreement were all made upon information and belief (NYSCEF Doc. No. 38, ¶¶ 224, 237, 250 and 252), and failed to identify the source of that information (*see DDJ Mgt., LLC v Rhone Group L.L.C*., 78 AD3d 442, 443 [1st Dept 2010]). Accordingly, Wright's third and fourth crossclaims will be dismissed as against Viscusi and Cohen.

Accordingly, it is

ORDERED that the motion of crossclaim defendant John Viscusi to dismiss the crossclaims asserted against him by defendant/crossclaim plaintiff Albert Wright (motion

**158125/2022   RSD857 LLC vs. WRIGHT, ALBERT ET AL**
**Motion No.  001 002**

**Page 14 of 16**

[* 14]

sequence no. 001) is granted to the extent of dismissing the third and fourth crossclaims and the third and fourth crossclaims are dismissed as against John Viscusi, and the remainder of the motion is otherwise denied; and it is further

ORDERED that the motion of crossclaim defendant Dustin Cohen to dismiss the crossclaims asserted against him by defendant/crossclaim plaintiff Albert Wright (motion sequence no. 002) is granted, and Wright's crossclaims asserted as against Dustin Cohen are dismissed; and it is further

ORDERED that, upon such dismissal, which leaves no remaining claims as against crossclaim defendant Dustin Cohen, the caption in this matter is hereby amended as follows:

RSD857 LLC,

Plaintiff,

- v -

ALBERT WRIGHT, MICHAEL PETROKANSKY, UTICA RESIDENCE LLC, SIGMUND FREUND, SPENCER DEVELOPERS INC., JOHN VISCUSI, JOBY HCOCK1131 LLC, YKSNAK HOLDINGS LLC

Defendants.

And it is further

ORDERED that all papers, pleadings, and proceedings in the above-entitled action be amended in accordance with this change, without prejudice to the proceedings heretofore had herein; and it is further

ORDERED that crossclaim defendant Dustin Cohen, within 30 days of entry of this order, shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to amend their records to reflect such change in the caption herein; and it is further

**158125/2022  RSD857 LLC vs. WRIGHT, ALBERT ET AL**
**Motion No.  001 002**

**Page 15 of 16**

15 of 16

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that crossclaim defendant John Viscusi shall serve an answer to the amended answer with counterclaims/crossclaims of defendant/counterclaim/crossclaim plaintiff Albert Wright within 20 days after service of this order with written notice of entry; and it is further

ORDERED that counsel are directed to appear for a preliminary conference in Part 47, Room 1021, 111 Centre Street, New York, New York, on June 30, 2024, at 9:30 a.m.

20240513170509PG0ET2172743DEB057C42569841F5175708A2C4

| 5/13/2024 | | | |
|---|---|---|---|
| **DATE** | | | **PAUL A. GOETZ, J.S.C.** |

CHECK ONE:

| | CASE DISPOSED | **X** NON-FINAL DISPOSITION |
|---|---|---|
| | GRANTED | DENIED | **X** GRANTED IN PART | OTHER |

APPLICATION:     SETTLE ORDER     SUBMIT ORDER

CHECK IF APPROPRIATE:     INCLUDES TRANSFER/REASSIGN     FIDUCIARY APPOINTMENT     REFERENCE

**158125/2022   RSD857 LLC vs. WRIGHT, ALBERT ET AL**
**Motion No.  001 002**

**Page 16 of 16**

16 of 16

[* 16]